UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| CESAR RODRIGUEZ AND § | | CASE NO. 11-40244-H3-11 |
| MAGDALENA RODRIGUEZ, § | | |
| § | | |
| DEBTORS. § | | |

### MOTION TO EXTEND AUTOMATIC STAY

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY  TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE  WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR  RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF  YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND  HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER  EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE  HEARING**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Comes now, Cesar and Magdalena Rodriguez, Debtors and Debtors in Possession herein and files this Motion To Extend Automatic Stay:

1.      On January 4, 2011, Debtors filed a voluntary Chapter 11 petition to stop a foreclosure of nonexempt real property that they owned.  That case did not progress as they had hoped because despite their efforts they were unable to find a buyer for the real property in question.  No plan was proposed and in August 2011, the Debtors agreed to the dismissal of the case without prejudice.

2. Since that date, the Debtors have taken steps in good faith to resolve their financial problems that include:

   a. Deciding to sell their homestead and use the equity to both buy a smaller home and to fund a plan of reorganization;

   b. Attempting to sell one of the Doneraki's restaurants that they own and operate through a corporation to reduce the cash flow expenses necessary each month and to generate additional cash with which to fund a plan of reorganization;

   c. Deciding to list for sale not only the unimproved lots pledged to Banco Popular, but also the land at 2808 and 2836 Fulton Street, Houston, Texas where the Debtors own a Doneraki's restaurant that is currently leased to an unrelated third party. Funds from this sale will first pay all overdue taxes and then go to satisfy the loan to Banco Popular.

3. Unfortunately, before any of these actions could be consummated, Banco Popular reposted the subject real property for foreclosure on December 6, 2011, and this present case was filed on December 5, 2011.

4. In the first Chapter 11 case, the Debtors and Banco Popular were confused with regard to what properties secured the indebtedness owed to Banco Popular. That issue has now been resolved by both parties. All future rents of $6,000 per month will be paid to Banco Popular during the course of this Chapter 11 case, until a plan is confirmed or Banco Popular is paid in full.

5. Debtors believe that there is some equity in the property that is pledged to Banco Popular and if the stay terminates pursuant to 11 U.S.C. § 362(c)(3)(A), then that equity may be lost to the Debtors and their other creditors.

6. Debtors further believe it is in the best interest of all parties to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B).

WHEREFORE, premises considered, Debtors pray that this Court set this matter for

hearing at the earliest possible time but not later than December 30, 2011, and that after consideration of the evidence presented at the hearing and the argument of counsel, that an order be entered extending the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), and for such other relief to which they may be entitled.

Respectfully submitted,

ROGERS & ANDERSON, PLLC

/s/ Barbara M. Rogers
Barbara M. Rogers
TBN 17163200
1415 N. Loop West, Suite 1020
Houston, TX   77008
713-868-4411
713-868-4413 (fax)

ATTORNEY FOR DEBTORS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion To Extend Automatic Stay was served on all parties reflected on the Service List attached hereto vis U.S. Mail, First Class, Postage Prepaid on the 6th day of December, 2011.

/s/   Barbara M. Rogers
Barbara M. Rogers