Robert L. Knebel, Jr.
State Bar No. 11589500
FERNANDEZ LLP
2525 McKinnon Street, Suite 570
Dallas, Texas 75201
(214) 231-2700  Fax: (214) 999-1279

**Attorneys For Banco Popular North America, Creditor**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-40244-H3-11 |
| | § | |
| CESAR RODRIGUEZ | § | |
| and MAGDALENA RODRIGUEZ | § | |
| | § | |
| DEBTORS | § | |

**BANCO POPULAR NORTH AMERICA'S OBJECTION TO DEBTOR'S
MOTION TO EXTEND AUTOMATIC STAY**

TO THE HONORABLE JUDGE OF SAID BANKRUPTCY COURT:

COMES NOW, BANCO POPULAR NORTH AMERICA ("BPNA") and files this its Objection To Debtor's Motion To Extend Automatic Stay. In support thereof, BPNA would respectfully show the Court as follows:

**I.**

**BACKGROUND**

1. On January 4, 2011 Cesar Rodriguez and Magdalena Rodriguez (the "Debtors") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*) (the "Bankruptcy Code") ("First Bankruptcy Proceeding"). The petition was filed to prevent foreclosure proceedings initiated by BPNA.

**Banco Popular North America's Objection To Debtor's
Motion to Extend Automatic Stay** – Page 1
X:\B0144\0114\Bankruptcy 2\objection to Debtors Motion to Extend Automatic Stay.wpd

2. The Debtors failed to file a proposed plan of reorganization during the First Bankruptcy Proceeding and thus such proceeding was dismissed by this Court.

3. BPNA again scheduled foreclosure proceedings for December 6, 2011 against Real Property owned by the Debtors. On December 5, 2011, Debtors filed this proceeding.

4. Prior to the Petition Date, the Debtors and the business entities that through which Debtors conducted their business, and BPNA were parties to certain financial accommodation agreements (hereinafter, the "Prepetition Agreements"), including, *inter alia*:

   1. Promissory Note dated June 19, 2002 in the original principal amount of Five Hundred Eighty Five Thousand and No/Dollars ($585,000.00) executed by Doneraki Gulfgate, Inc., payable to Banco Popular North America being secured in part by that certain Deed of Trust dated June 19, 2002, and Cesar Rodriguez and Magdalena Rodriguez as grantor; covering certain Real Property more commonly known as 3516 Fulton, Houston, Texas ("Deed of Trust 1") that certain Guaranty Agreement dated June 19, 2002 executed by Cesar Rodriguez; that certain Guaranty Agreement dated June 19, 2002 executed by Magdalena Rodriguez; that certain Guaranty Agreement dated June 19, 2002 executed by Doneraki Restaurants, Inc. dated June 19, 2002; and that certain Guaranty Agreement dated June 19, 2002 executed by Doneraki Dos, Inc.

   2. Promissory dated June 19, 2002 in the original principal amount of Five Hundred Eighty Five Thousand and No/Dollars ($585,000.00) executed by Doneraki Gulfgate, Inc. ("Borrower"), payable to Banco Popular North America ("Lender"); being secured in part by that certain Deed of Trust dated June 1, 2000, Cesar Rodriguez and Magdalena Rodriguez as grantor; covering certain Real Property more commonly known as 2836 Fulton, Houston, Texas ("Deed of Trust 2") that certain Guaranty Agreement dated June 19, 2002 executed by Cesar Rodriguez; that certain Guaranty Agreement dated June 19, 2002 executed by Magdalena Rodriguez; that certain Guaranty Agreement dated June 19, 2002 executed by Doneraki Restaurants, Inc. dated June 19, 2002; and that certain Guaranty Agreement dated June 19, 2002 executed by Doneraki Dos, Inc.;

**Banco Popular North America's Objection To Debtor's**
**Motion to Extend Automatic Stay** – Page 2
X:\B0144\0114\Bankruptcy 2\objection to Debtors Motion to Extend Automatic Stay.wpd

3. Promissory Note dated June 19, 2003 in the original principal amount of Four Hundred Thousand and No/Dollars ($400,000.00) executed by Doneraki Gulfgate, Inc. ("Borrower"), payable to Banco Popular North America ("Lender"); being secured, in part, by Deed of Trust 1 and Deed of Trust 2; that certain Guaranty Agreement dated June 19, 2003 executed by Cesar Rodriguez; that certain Guaranty Agreement dated June 19, 2003 executed by Magdalena Rodriguez; that certain Guaranty Agreement dated June 19, 2003 executed by Doneraki Restaurants, Inc.; and that certain Guaranty Agreement dated June 19, 2003 executed by Doneraki Dos, Inc

5. BPNA is the holder and owner of all of the Prepetition Agreements.

6. Pursuant to the Prepetition Agreements, in consideration of the loans and other financial accommodations extended under such agreements, and to secure the payment and performance of the obligations under the Prepetition Agreements, the Debtors granted BPNA liens in and upon the Real Property.

7. BPNA asserts that it duly perfected the liens upon the Real Property by recording Deed of Trust 1 and Deed of Trust 2. BPNA asserts that it has valid, perfected, enforceable, and non-avoidable first priority liens upon the Real Property.

8. The Debtor is in default of its obligations under the Prepetition Agreements.

## II.

## ANALYSIS

A. **Extension Of The Automatic Stay Is Not Warranted**

9. The Automatic Stay should not be extended in the present case because BPNA is not adequately protected, the Petition was filed in bad faith, and because there does not exist the reasonable probability of a successful reorganization of Debtor.

**(i)     BPNA is not adequately protected.**

10.     The term "adequate protection" is not defined in the Bankruptcy Code. However, Section 361 provides three examples of adequate protection in the context of a motion for relief from the automatic stay. Section 361 states that adequate protection may be provided by (1) cash payments on a periodic basis; (2) additional replacement liens; or (3) arrangements which guarantee a creditor the indubitable equivalent of its interest in the collateral. 11 U.S.C. §361. Once the movant makes a *prima facia* case that cause exists to lift the stay, the burden shifts to the debtor to show that the collateral is not declining in value or that the secured creditor is adequately protected. *In re Rogers,* 239 B.R. 883, 887 (Bankr. E.D. Tex. 1999).

11.     The entirety of the indebtedness evidenced by the Prepetition Agreements is now due and owing, the Notes have matured. No payments have been made upon the Notes for over one (1) year.

12.     BPNA's interest in the Real Property includes its right conferred under the Notes and Deeds of Trust described above to foreclose its liens upon default. By reason of the automatic stay in this bankruptcy case, BPNA is prevented from exercising its remedies against the Real Property. In the event Debtor is authorized to continue in possession and use of the Real Property, then BPNA is entitled to adequate protection against loss in the value of the Real Property.

13.     If BPNA is not permitted to conduct its foreclosure sale, then BPNA will not be adequately protected and will suffer irreparable injury, loss and damage.

**Banco Popular North America's Objection To Debtor's**
**Motion to Extend Automatic Stay** – Page 4
X:\B0144\0114\Bankruptcy 2\objection to Debtors Motion to Extend Automatic Stay.wpd

**(ii)     The Petition Was Filed in Bad Faith.**

14.     The analysis of bad faith under Section 362(d) proceeds in much the same manner as the analysis of whether to dismiss a case for cause under Section 1112(b). *See id.* Findings of bad faith are based upon an overall review of the circumstances on a case-by-case basis. *Little Creek Dev.Co. V. Commonwealth Mortgage Corp. (In re. Little Creek)*, 779 F.2d 1068 (5th Cir.1986). Although there is no particular test for determining whether a debtor has filed a petition void of good faith, courts generally conduct a balancing test and "consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions or, in particular, factors which evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights."" *In re Boughton,* 243 B.R. 830, 834 (Bankr. M.D. Fla. 2000) (citations omitted); *In re Phoenix Piccadilly,* 849 F. 2d 1393, 1394 (11th Cir. 1988) (citations omitted).

15.     Several of the recurrent factors often accompanying bad faith filings include:

- the debtor has only one asset, which is subject to a lien;
- the debtor engaged in improper pre-petition conduct;
- the debtor can identify only a few unsecured creditors or has only a few unsecured creditors whose claims are small in relation of the claims of the secured creditors;
- the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court or the debtor's sole asset is the subject of a foreclosure action as a result of arrearages on the debt;
- bankruptcy offers the only possibility of forestalling loss of property;
- the debtor has few employees or no employees except for the principals;
- the debtor's financial problems involve essentially a dispute between the debtor and the secured creditor;
- the debtor has little or no cash flow;

**Banco Popular North America's Objection To Debtor's
Motion to Extend Automatic Stay** – Page 5
X:\B0144\0114\Bankruptcy 2\objection to Debtors Motion to Extend Automatic Stay.wpd

- the debtor has no available sources of income to sustain a plan of reorganization;
- the debtor has no ongoing business or is not engaged in significant business activities;
- the lack of possibility of reorganization; and
- the timing of the debtor's filing evidences as intent to delay or frustrate the legitimate efforts of the debtor's secured creditor to enforce its rights.

*See, e.g., In re Little Creek,* 779 F. 2d at 1073 (applying six factors); *In re Phoenix Piccadilly,* 849 F. 2d at 1394-1395 (applying six factors); *In re 1020 Warburton Avenue Realty Corp.,* 127 B.R. 333, 335 (Bankr. S.D.N.Y. 1991) (applying seven factors); *In re Chu,* 253 B.R. 92, 95 (S.D. Cal. 2000) (listing various factors).

16. This bankruptcy filing was merely an attempt to forestall the foreclosure of the respective Real Property and to prevent and forestall the liability of the Debtors. The Real Property was scheduled for foreclosure pursuant to Texas law and the timing of the Debtors filing of this Chapter 11 proceeding evidences an intent to delay the legitimate efforts of BPNA to enforce its rights under the Deeds of Trust and its legal remedies.

17. Accordingly, cause exist to deny an extension of the Automatic Stay based upon Debtor's bad faith filing of this bankruptcy case.

**B.  Real Property Is Not Necessary For An Effective Reorganization.**

18. The burden to establish whether property is necessary for an effective reorganization is placed upon the debtor. 11 U.S.C. §362(g). A debtor's burden is not merely to demonstrate that it is conceivable to reorganize; rather the Debtor must demonstrate that the property in issue is "essential for an effective reorganization *that is in prospect*." *Timbers*, 484 U.S. at 375 (emphasis in original).

**Banco Popular North America's Objection To Debtor's**
**Motion to Extend Automatic Stay** – Page 6
X:\B0144\0114\Bankruptcy 2\objection to Debtors Motion to Extend Automatic Stay.wpd

19. Debtor must demonstrate that the property in issue is necessary to an *effective* reorganization. *Canal Place ltd. P'ship v. Aetna Life Ins. Co. (In re Canal Place Ltd. P'ship)*, 921 F. 2d 569, 576 (5th Cir. 1991); *Coones v. Mut. Life Ins. Co. Of New York (In re Coones)*, 168 B.R. 247 (D. Wyo. 1994), *aff'd* 56 F. 3d 77 (10tj Cir. 1995). If a debtor is unable to carry its burden, relief from the automatic stay must be granted. Where a debtor fails to establish a reasonable prospect for a successful reorganization, relief from stay is appropriate. *Sutton v. Bank One (In re Sutton)*, 904 F. 2d 327 (5th Cir. 1990) (the debtor cannot file bankruptcy to stall the foreclosure and wait for more favorable conditions); *In re Canal Place*, 921 F. 2d at 577; *see also, In re Richardson Group, Inc.*, 107 B.R. 353 (Bankr. M.D. Fla. 1989) (where income from property is insufficient to service mortgage debt and would remain insufficient for foreseeable future, relief from stay is appropriate).

20. During the First Bankruptcy Proceeding, the Debtors failed to prepare a Plan of Reorganization and thus the First Bankruptcy Proceeding was dismissed by the Court.

21. It is clear that there is not a reasonable prospect for a successful reorganization of this Debtors within a reasonable period of time.

22. The Debtor must demonstrate a reasonable prospect for a successful reorganization. The Debtor's sincerity, honesty and willingness are not sufficient to evidence a reasonable prospect for a successful reorganization and neither are visionary promises. Accordingly, for the reasons stated above, it is clear that there is not a reasonable prospect for a successful reorganization of this Debtor.

**Banco Popular North America's Objection To Debtor's**
**Motion to Extend Automatic Stay** – Page 7
X:\B0144\0114\Bankruptcy 2\objection to Debtors Motion to Extend Automatic Stay.wpd

### III.

### CONCLUSION

23. BPNA must now be given the opportunity to protect its interest in the Real Property. An extension of the Automatic Stay will not ensure that BPNA is adequately protected. Further, Debtors have filed this bankruptcy proceeding in bad faith and there is not a reasonable prospect for a successful reorganization of the Debtors. Accordingly, the Automatic Stay should not be extended in this case.

WHEREFORE, Banco Popular North America respectfully requests that the Court enter an order denying Debtor's Motion To Extend Automatic Stay, and grant Banco Popular North America such other and further relief to which it shows itself to be justly entitled.

DATED this 16th day of December, 2011.

Respectfully submitted,

By:   /s/ Robert L. Knebel, Jr.
ROBERT L. KNEBEL, JR.
State Bar No. 11589500
FERNANDEZ LLP
2525 McKinnon, Suite 570
Dallas, TX 75201
(214) 231-2700
(214) 999-1279 (fax)

**ATTORNEYS FOR BANCO POPULAR NORTH AMERICA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of December, 2011, a true and correct copy of the foregoing Objection To Debtor's Motion to Extend Automatic Stay was served via electronically to the following parties:

Barbara M. Rogers
Rogers & Anderson, PLLC
1415 N. Loop West, Suite 1020
Houston, Texas 77008

UST U.S. Trustee
Ellen Hickman
Office of the US Trustee
515 Rusk Ave, Ste. 3516
Houston, Texas 77002

/s/ Robert L. Knebel, Jr.
ROBERT L. KNEBEL, JR.

**Banco Popular North America's Objection To Debtor's**
**Motion to Extend Automatic Stay** – Page 9
X:\B0144\0114\Bankruptcy 2\objection to Debtors Motion to Extend Automatic Stay.wpd