IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| CESAR and MAGDALENA RODRIGUEZ, | ) CASE NO. 11-40244-H3-11 |
| Debtors | ) |

MEMORANDUM OPINION

The court has held a hearing on the Motion To Extend Automatic Stay (Docket No. 4) filed by Cesar and Magdalena Rodriguez, Debtors.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion in part.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

On January 4, 2011, Debtors filed a voluntary Chapter 11 petition to stop a foreclosure of nonexempt real property that they owned.  Case No. 11-30271-H3-11.  Banco Popular North America (BPNA) is the holder of promissory notes secured by real property owned by corporation entities in which the Debtors own 100% of the stock.  Debtors signed personal guarantees on the BPNA loans.  BPNA holds security interests in the properties located at 3516 Fulton and 2836 Fulton, Houston, Texas.

Testimony of Cesar Rodriguez.

In Case No. 11-30271-H3-11, Debtors intended to fund the plan with revenues generated from the operation of their restaurant business and from the sale of some of the business property.  No plan was proposed because, due to the downturn in the economy, there was not enough revenue from the operation of their business and they were unable to obtain a buyer for some of the business property they proposed to sell.  With Debtors' agreement, the case was dismissed on August 23, 2011, before confirmation.  Testimony of Cesar Rodriguez.

BPNA again scheduled foreclosure proceedings for December 6, 2011 and on December 5, 2011, Debtors filed the instant voluntary petition under Chapter 11.  This is Debtors' second chapter 11 bankruptcy proceeding.  In the instant motion, Debtors seek the continuation of the automatic stay as to all creditors.  The motion is opposed by BPNA.

Cesar Rodriguez testified that since the dismissal of the first case, Debtors have attempted to resolve their financial problems by deciding to sell all of their property, including their homestead, one of their restaurants, and the real property used for their restaurant business.  The proceeds from these sales will be used to fund their plan.  Testimony of Cesar Rodriguez.

Debtors' schedules reflect that the value of the homestead and business properties is over $3.59 million and that

Debtors have approximately $2.3 million in liabilities ($2.06 million in secured debt, approximately $115,000 is owed to the IRS and unsecured creditors are owed approximately $127,000). Debtors have entered into Listing Agreements for the sale of their homestead and the two properties located on Fulton. The listing prices total $4.195 million and after the payment of the sales' commission, over $4.1 million would be available to fund the plan. Debtors' Exhibit Nos. B, C, D, and E. Debtors collect $6,000 per month in rental income from one of the restaurants and propose to pay this amount to BPNA as adequate protection payments. All properties are insured. Testimony of Cesar Rodriguez.

## Conclusions of Law

Section 362(c)(3) of the Bankruptcy Code provides:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section--

* * *

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

  (i) as to all creditors, if--

  (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

  (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

    (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

    (bb) provide adequate protection as ordered by the court; or

    (cc) perform the terms of a plan confirmed by the court; or

  (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

>                    (aa) if a case under chapter 7, with a
>                    discharge; or
>
>                    (bb) if a case under chapter 11 or 13, with a
>                    confirmed plan that will be fully performed;
>                    and
>
>               (ii) as to any creditor that commenced an action
>               under subsection (d) in a previous case in which
>               the individual was a debtor if, as of the date of
>               dismissal of such case, that action was still
>               pending or had been resolved by terminating,
>               conditioning, or limiting the stay as to actions
>               of such creditor.

11 U.S.C. § 362(c)(3).

In the instant case, Debtors filed a joint case under Chapter 11 within one year after a preceding Chapter 11 joint case was pending.

With respect to the question of whether a presumption applies that the instant case was not filed in good faith, the presumption does not apply pursuant to Section 362(c)(3)(C)(i)(I) or Section 362(c)(3)(C)(i)(II).

The question of whether the presumption applies under Section 362(c)(3)(C)(i)(III) depends on whether there has been a substantial change in the financial or personal affairs of the debtor or any reason to conclude that the later case will be concluded with a confirmed plan that will be fully performed. The Debtor bears the burden of proof on the question of whether the presumption applies under Section 362(c)(3)(C)(i)(III) by a

preponderance of the evidence. *In re Charles*, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

At the present time, the preponderance of the evidence supports Debtors' contention that the instant case will be concluded with a confirmed plan that will be fully performed. Debtors intend to sell their homestead and all of their business properties. They have entered into Listing Agreements to do so. The Debtors' schedules reflect that the value of Debtors' assets exceed their liabilities in an amount of over $1 million. The court concludes that the presumption does not apply pursuant to Section 362(c)(3)(C)(i)(III).

Because the presumption does not apply in the instant case, Debtors bear the burden of proof of good faith in the instant case as to the creditors to be stayed by a preponderance of the evidence. *In re Collins*, 335 B.R. 646 (Bankr. S.D. Tex. 2006).

The court concludes that Debtors have met their burden of proof and the presumption that the instant case was not filed in good faith has been rebutted. The court concludes that relief should be granted as to all creditors except BPNA. As to BPNA the stay should be extended for a period of one year, conditioned on Debtors' paying $6,000 per month to BPNA during the course of this chapter 11 case, until a plan is confirmed or BPNA is paid in full.

Based on the foregoing, a separate Judgment will be entered granting the motion as to all creditors and conditioning the motion as to BPNA.

Signed at Houston, Texas on December 21, 2011.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE